IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01775-REB-KLM

TANYA DREESEN,

    Plaintiff,

v.

THE DENVER NEWSPAPER AGENCY, a Colorado corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the Motion for Entry of Stipulated Protective Order concerning certain confidential information disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

1. A party may designate as "CONFIDENTIAL" any document produced (including information disclosed pursuant to Fed. R. Civ. P. 26), discovery response (e.g., document, interrogatory response, or deposition testimony), motion, or brief (or any portion thereof) containing confidential information by clearly marking such document, if the party in good faith contends that the response, motion, or brief contains confidential business matters, private employee matters, or material that is otherwise private or confidential, including, but not limited to:

    a. Information relating to employees of The Denver Newspaper Agency (the "Defendant");

b. Information relating to salary, benefits, other compensation, and all other confidential information maintained in personnel and benefits files or communicated to former and current employees of the Defendant; and

c. Information concerning proprietary matters, including but not limited to, the Defendant's business plans, customer accounts, customer names, financial data and strategic initiatives.

2. The designation of a document as "CONFIDENTIAL" may be made only by a party, an attorney or paralegal with training in what constitutes confidential information.

3. Where appropriate, discovery responses, documents produced, motions, or briefs (or portions thereof) shall be clearly designated as "CONFIDENTIAL" and shall be filed under seal with the Court. Discovery responses, motions, or briefs (or portions thereof) designated as "CONFIDENTIAL" shall be kept in the custody of counsel of record for the party receiving the information, and shall not be used except for purposes of this case. Confidential information shall be inaccessible to all persons except counsel of record; paralegals, consultants, or other agents acting under the direct supervision of counsel of record, solely for the purposes of assisting counsel of record with respect to this case; or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness.

4. Except pursuant to Court order, no party receiving any discovery response, motion, or brief (or portions thereof) designated "CONFIDENTIAL," or any of their attorneys, consultants, witnesses or agents, shall reveal, display or disclose any such discovery response, motion, or brief (or portions thereof) except, solely for the purposes of this case, to the parties; to counsel of record; to the paralegals, consultants, or other agents under the direct supervision of counsel of record, solely for the purpose of assisting counsel of record in this case; to any witnesses endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness; or at the trial, or at any appeal or other court proceeding in this case.

5. The parties agree not to oppose any motion to seal discovery responses, motions, or briefs (or portions thereof) filed in accordance with paragraph 3 above.

6. In disclosing the discovery responses, motions, or briefs (or portions thereof) designated "CONFIDENTIAL," as permitted by paragraphs 3 and 4 above, counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

7. All confidential discovery responses, motions, or briefs (or portions thereof) and all reproductions thereof shall be kept in the custody of the counsel to whom the discovery response, motion, or brief (or portion thereof) is produced.

8. When this litigation has been fully decided, including completion of all possible appellate procedures, all confidential material shall be destroyed or preserved

by counsel in a manner which is fully consistent with the spirit of this protective order. At the end of litigation, counsel will not be required to return the material.

9. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any other party's motion or request to modify this Protective Order.

10. A party may object to the designation of certain information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting the court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the information shall be treated as CONFIDENTIAL under the terms of this Protective Order and any such information shall be filed under Seal until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

DATED this 14th day of October, 2008.

BY THE COURT:

*/s/ Kristen J. Mix*

United States Magistrate Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

| BENEZRA & CULVER, L.L.C. | HUSCH, BLACKWELL, SANDERS, L.L.P. |
|---|---|
| s/ Seth J. Benezra | s/ Mary Hurley Stuart |
| Seth J. Benezra, Esq.<br>John A. Culver, Esq.<br>274 Union Blvd., #220<br>Lakewood, CO 80228-1835<br>(303) 716-0254<br>sjbenezra@bc-law.com | Mary Hurley Stuart, Esq.<br>1700 Lincoln St., #4700<br>Denver, CO 80203<br>(303) 749-7207<br>mary.stuart@huschblackwell.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |