IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01775-PAB-KLM

TANYA DREESEN,

    Plaintiff,

v.

THE DENVER NEWSPAPER AGENCY, a Colorado corporation,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff Dreesen's Motion to Amend Pretrial Order to Designate One Additional Witness** [Docket No. 53; June 8, 2010] (the "Motion"). The Court expedited Defendant's response and did not permit the filing of a reply [Docket No. 55]. Despite the fact that Plaintiff indicates that Defendant opposes the relief requested, Defendant failed to file a response within the Court's deadline.[1] Accordingly, I resolve the Motion without consideration of Defendant's position.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

This matter is scheduled to go to trial on July 12, 2010. Approximately eleven months ago, the Court conducted a Final Pretrial Conference [Docket No. 32] and entered

---

[1] The Court notes that my Order was not discretionary. The Court required Defendant to file a response by a certain date and did not provide the option of filing no response. *See Order* [#55] at 1. Defendant's failure to comply with my Order and either (1) advise the Court of the basis for its opposition to the Motion or (2) advise the Court that it no longer opposes the motion is not well taken and interferes with the orderly resolution of the Motion.

a Final Pretrial Order [Docket No. 33] setting forth the parties' witness and exhibit lists for trial. In addition, discovery has been closed since July 21, 2009. Little more than a month before trial, Plaintiff filed a Motion to amend the Final Pretrial Order and add an additional trial witness, Cherie Smith. While this witness was listed in Plaintiff's supplemental disclosures submitted on May 5, 2009 [Docket No. 53-2], she was not included in Plaintiff's trial witness list.

Plaintiff attempts to justify Ms. Smith's late inclusion for three reasons. First, Plaintiff indicates that "because she and [Plaintiff] were not close, [Plaintiff] and her counsel did not know for certain whether she possessed relevant information." *Motion* [#53] at 2. Second, Plaintiff's counsel claims that he had difficulty connecting with Ms. Smith and her attorney in early 2009 and was never able to interview her. He also indicates that he knew as of that time that she was pursuing her own case against Defendant. *Id.* Third, Plaintiff's counsel claims that in May 2010, he learned that Ms. Smith had obtained a jury verdict against Defendant. He was then able to interview her and discovered that she had "highly relevant information regarding [Plaintiff's] claim."[2] *Id.*

Based upon this history, Plaintiff alleges that good cause exists to amend the Final Pretrial Order. Further, Plaintiff alleges that amendment will not prejudice Defendant because Ms. Smith was listed in Plaintiff's supplemental disclosures, and Plaintiff "has agreed that Defendant may take Ms. Smith's deposition prior to trial." *Id.* at 3. As noted

---

[2] According to Plaintiff, Ms. Smith will testify that Defendant's agent, Greig Smith, "had a significant bias against [Plaintiff] because of her pregnancy." *Motion* [#53] at 3 (citing *Cherie Smith Affidavit* [#53-1] at 1-2). Ms. Smith apparently observed what Plaintiff characterizes as "three hostile and disparaging statements made by Mr. Smith regarding [Plaintiff's] pregnancy." *Id.*

2

above, the nature and sufficiency of any arguments Defendant would raise to counter Plaintiff's position are unknown.

A final pretrial order serves the purpose of "insur[ing] the economical and efficient trial of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). As such, the Federal Rules of Civil Procedure permit the amendment of a final pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking to amend the final pretrial order bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of the trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith or willfulness by the party seeking to modify the pretrial order. *Koch*, 203 F.3d at 1222.

As to the first factor, the prejudice to Defendant resulting from identifying g a witness at the last minute is clear. With this late addition comes the burden and cost associated with having to prepare for an unexpected witness on the eve of trial. However, given that Ms. Smith was disclosed as a potential witness early in the case, coupled with the fact that Ms. Smith was already known to Defendant given her own lawsuit against it, any prejudice to Defendant appears to be limited. I find that this factor does not foreclose amendment if other factors prompt such a result.

As to the second factor, any prejudice resulting from this untimely identification can likely be cured by allowing Defendant to depose Ms. Smith. While the Court does not countenance Plaintiff's cavalier suggestion that the discovery deadline can be readily reopened to permit this deposition, particularly given that Plaintiff's neglect caused the last-minute necessity to do so, Defendant's need to depose Ms. Smith, given its familiarity with her, is not established. I find that this factor does not foreclose amendment.

As to the third factor, I note that Plaintiff expects Ms. Smith's direct testimony to last no more than thirty minutes [Docket No. 61]. Further, I note that the last-minute addition of a lay witness is generally of much less impact than the last-minute addition of a new claim or expert witness. Here, despite Plaintiff's lack of diligence, it does not appear that inclusion of Ms. Smith would prolong the trial or significantly disrupt Defendant's trial strategy. I find that this factor does not foreclose amendment.

As to the fourth factor, Plaintiff admits that she was aware as of "early 2009" that Ms. Smith was pursuing her own claims against Defendant. *See Motion* [#53] at 2. Plaintiff's lack of diligence in ascertaining whether Ms. Smith had information relevant to her case is manifest. Plaintiff could have and should have timely included Ms. Smith in her witness list. Moreover, to the extent that Plaintiff contends that Ms. Smith did not become a witness with relevant information until she obtained a verdict against Defendant, her testimony is unrelated to her verdict, and this fact has nothing to do with the timing of Plaintiff's obligation under the Federal Rules to identify her as a witness. The Court also notes that Plaintiff attempts to excuse her lack of diligence by suggesting that her conduct is somehow justified by Defendant's alleged intention to use documents at trial not contained in its exhibit list. *See id.* at 1 n.1. Putting aside whether this is indeed Defendant's intention, it

does not speak to Plaintiff's conduct. Plaintiff was on notice well in advance of the time for selecting trial witnesses that Ms. Smith would likely have relevant information. For reasons wholly unknown to this Court, Plaintiff failed to pursue this information in a timely manner. While Plaintiff's conduct evidences inexcusable neglect, given the limited impact it has on Defendant and the trial, I cannot say that it rises to the level of bad faith or willfulness. Although a closer call, I find that this factor does not foreclose amendment.

Considering the above, and also recognizing that Defendant failed to timely file a response and raise an objection to the Motion, I find that amendment of the Final Pretrial Order would prevent manifest injustice. Accordingly, the Court deems the Final Pretrial Order to be amended to include Ms. Smith as a trial witness for Plaintiff.

IT IS FURTHER **ORDERED** that to the extent that Defendant would like to depose Ms. Smith, discovery is reopened for that limited purpose.

Dated: June 16, 2010

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix